HELMER H. LEE *vs.* WILLIAM H. BANGS, JR.

February 18, 1890.

**Sale—Premature Delivery—Waiver.**—When goods are ordered, and they are sent before the time specified in the order, the buyer waives the objection that they are prematurely sent by receiving them, and not objecting within a reasonable time.

**Same—Inferiority to Sample—Waiver.**—On a sale by sample, the buyer acquiesces in the quality of the goods by receiving them, and making no objection.

Plaintiff (doing business under the name of the Sole-Leather Over Manufacturing Co.) brought this action in the district court for Norman county, to recover the price ($162.25) of 96 pairs of "overs,"

sold and delivered to defendant between June 27 and November 15, 1888. The defendant in his answer alleged that the goods were ordered May 25, 1888, and were to be shipped to him in the fall of 1888, when needed; that at the time of the order it was agreed that in case of a failure of the wheat crop in Norman county, or among his customers in that county, and if in consequence he could not use or sell part of the goods, he might countermand and cancel the order for as many of the goods as he should for such reason be unable to sell; that the plaintiff shipped all the goods June 27th, at least four months earlier than they could be sold, and contrary to the agreement; and on August 16th he notified plaintiff by letter that the crop had been destroyed, and he could not use or sell more than 2 cases or 48 pairs, and that plaintiff must ship the other cases elsewhere, and he would merely hold them subject to plaintiff's order, and this notification was a second time given November 15, 1888; that the crop was in fact a failure, and he was able to sell but 30 pairs, amounting to $48.04, which sum he has paid plaintiff; that the goods were sold by sample exhibited when the order was given, which sample was warranted to be well made, strong, and durable, and of good material, and he relied solely on the warranty; but the goods were not equal to the sample, and were poorly made of bad material, and he refuses to accept them and is ready to deliver to plaintiff all that he has not sold. At the trial, before *Mills*, J., the court, on plaintiff's motion ordered judgment in his favor, on the pleadings, for $119.50. Defendant appeals from an order refusing a new trial.

*John M. Martin,* for appellant.

*A. C. Wilkinson,* for respondent.

GILFILLAN, C. J.    The order of the court below for judgment on the pleadings in favor of the plaintiff (allowing defendant the part-payment set up by him) was right. The matters set up in the answer constituted no defence. The answer admits that defendant ordered the goods that were sent to him, and the price of them, but alleges that he gave the order in May for the delivery of the goods in the fall, and that it was agreed that upon a certain contingency he might countermand or cancel the order in part; that the goods were sent to him June 27th; and that August 16th he gave plaintiff notice

that he would accept only a specified quantity of the goods. Of course, the right to countermand the order would, of necessity, have to be exercised before the delivery of the goods. By accepting the goods, he would waive his right to countermand, and he also waived his right to object that the goods were prematurely sent him. He ought to have declined to receive the goods at the time, and notified plaintiff of his so declining; instead of which he received the goods, and made to plaintiff no objection till about seven weeks had passed,—certainly an unreasonable time to wait.

The answer that the goods were sold by sample, and that they were not equal to the sample, is still worse, for it does not appear that he ever gave plaintiff any notice of that. One purchasing by sample must, upon the goods being sent him, examine them, and, if they do not come up to the sample, must decline to receive them, and within a reasonable time notify the seller. If he receive them and is silent, he will be deemed to have acquiesced in the quality.

Order affirmed.