MORRIS ROSENFIELD and others *vs.* JOHN G. SWENSON and another.

January 5, 1891.

Sale — Goods not Answering Conditions — Duty of Buyer.—Where goods are sold upon condition as to the kind and quality, and also upon the condition that they shall be satisfactory to the vendee, it is his duty to examine them promptly, and, if they do not comply with the conditions as to kind and quality, and are not satisfactory, to notify the vendor within a reasonable time that he will not accept them.

Same—Delay of Buyer to Give Notice — Acceptance.—From the circumstances appearing in this case, it is *held* that a delay of six weeks, after an examination and discovery as to the kind and quality of the goods delivered, in notifying the vendors that they were not satisfactory to the vendees, and would not be kept, was unreasonable and inexcusable. Such a course of conduct amounted to an acceptance of the goods.

Action brought in the municipal court of Minneapolis, to recover $218.25, for two barrels of whiskey sold and delivered. Appeal by plaintiffs from an order refusing a new trial after trial by the court and judgment ordered for defendants.

*Akers & Lancaster,* for appellants.

*Penney & Rogers,* for respondents.

COLLINS, J. The plaintiffs in this action appeal from an order denying their motion for a new trial. From the findings of fact made by the court, a jury trial having been waived, it appears that plaintiffs were wholesale and the defendants retail dealers in spirituous liquors in the same city, their places of business being but a few blocks apart. It was orally agreed between them that the former should sell and deliver to the latter two barrels—97 gallons—of a certain kind and quality of whiskey at a stipulated price per gallon, and that if it was not of the kind and quality stipulated, and defendants were not satisfied with it, the plaintiffs would take it back. It was delivered to defendants at their place of business on July 13, 1889, and on the same day they discovered that it was not of the kind or quality agreed upon, and was not satisfactory to them. The court further found that defendants kept and retained possession of

the whiskey and wholly failed to notify plaintiffs of their discovery as to its kind and quality and that they were not satisfied with it, until August 24, 1889, 42 days after delivery and examination of the goods. On such findings judgment should have been ordered for the plaintiffs. It was not a question of the validity of the sale, under the statute of frauds, when it was made, but solely one as to whether, subsequently to the delivery, there had been a course of conduct on defendants' part amounting to, and which must be considered as, an acceptance. The sale itself, being oral and for merchandise of the value of more than $50, might have been invalid, but an acceptance, if there was one, renders that fact immaterial. The findings—and no one questions their correctness—disclose that, on July 13th, defendants examined the whiskey, and ascertained that it did not comply with the conditions on which it was delivered. They did not notify the plaintiffs of the fact for six weeks, retaining the unsatisfactory goods which were in their possession. Such delay was unreasonable and inexcusable; it amounted to an acceptance, which satisfies the statute.

Where goods are sold and delivered upon condition as to kind and quality, it is the duty of the vendee to promptly examine them, and, if the conditions are not complied with, to notify the vendor within a reasonable time of his refusal to accept. If he unreasonably delays such notification, he must be held to have accepted, in fact. This is elementary law, and needs no citation of authorities, but see *McCormick Harvesting-Machine Co.* v. *Chesrown*, 33 Minn. 32, (21 N. W. Rep. 846;) *Lee* v. *Bangs*, 43 Minn. 23, (44 N. W. Rep. 671.) Under the circumstances, defendants' failure to inform plaintiffs, in business but a few blocks distant, of their refusal to accept, must be held an acceptance.

The case is remanded, with instructions to the court below to enter judgment on its findings in favor of plaintiffs, and against the defendants, at the price agreed upon between the parties in case the goods proved satisfactory.