GEORGE N. POTTER ET AL. v. GILBERT W. LEE.

*Sale—Option to return goods—Acceptance—Breach of warranty.*

Where a number of cheeses are purchased by sample, with the right to return them if, after the lapse of 10 days in which to examine them, the vendee determines to do so, and complaint is made to him within the 10 days of the quality of some of the cheeses, which are returned to him, but he continues making sales for 16 days thereafter without notice to the vendor, he must be considered as having accepted the cheeses, and cannot set up a warranty and its breach; citing *Farrington v. Smith,* 77 Mich. 550; *Childs v. O'Donnell,* 84 Id. 533.

Error to Wayne. (Reilly, J.) Argued November 16, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles W. Casgrain* and *Charles S. McDonald,* for appellant.

*Philip T. Van Zile* and *Frank E. Robson,* for plaintiffs.

LONG, J. Plaintiffs brought *assumpsit* in the Wayne circuit court on the common counts. In their bill of particulars they claimed for the price and value of 169 cheeses, weighing 7,253 pounds, at 7½ cents per pound, amounting to $543.98.

Defendant gave notice under his plea of the general issue that the plaintiffs falsely and fraudulently represented that the cheeses were good and merchantable, were not strong, and would not crumble when cut; that between 18 and 20 only were made during the month of July, 1890, and the balance were made during August of that year, and that the entire lot was equal, if not superior, to the samples which were exhibited; that he (the defendant) relied upon such warranty in making the purchase; that the same were not equal to the samples, and that such representations were false, and that the cheeses were of an inferior quality, were made from inferior ingredients, were strong, and would crumble when cut, were unmerchantable, and of no value; and that he sustained loss thereon, and to his business, etc., which he would recoup on the trial.

The case was tried before a jury, and the plaintiffs had verdict and judgment for $585.66. Defendant brings error.

On the trial the plaintiffs produced as a witness John Potter, who was the agent of the plaintiffs in making the sale to the defendant. His version of the sale and what the contract was is that on the 24th day of September, 1890, he called upon the defendant at his place of business in Detroit, and endeavored to sell him a quantity of cheese, which he had at the Detroit, Grand Haven & Milwaukee depot in Detroit. He did not sell it on the

first visit to defendant. He called upon others, and on the next day made a sale to the defendant. He took 15 cheeses as samples to defendant's store. Three or four were taken into the store, and examined by the defendant with a trier. Defendant asked what he wanted for them, and he said 8 cents. Defendant would not pay that price, and offered 7½ cents, and the bargain was closed at that price. The cheeses were each marked plainly on the outside with the date they were made. Mr. Potter testified that no representations were made as to the cheeses being good and marketable, or that those at the depot were as good as the samples, but that he stated that they were made in July and August. He also testified that in selecting the samples he took some of July and some of August make, and without an effort to select the best.

The defendant testified that he tried three of the cheeses with a trier, and found them good. He asked how many of the whole lot were made in July, and Potter answered 15 or 20, and the rest in August. After examining the three, he asked Potter if the cheese would crumble when cut; if they would, he would not give a cent per pound. Potter said that merchants at Potterville had used them with perfect satisfaction. Defendant then said to Potter:

"If that lot of cheese is as you represent it, and will not crumble, and is as good as these three samples, I will take it all, and pay you seven and one-half cents per pound for it.' Potter said he would take that price, and wanted a check for the amount. I told him: 'That may be all right; we have got plenty of money to pay it, but we don't pay quite as prompt as that. You are a stranger to me, and I have seen only 10 boxes of these cheese, and I don't know what is in the car. If in the course of 10 days we find this cheese as you represent it, we will pay for them, taking one per cent., which is customary.' Mr. Potter then left for home."

The last part of this arrangement is substantially agreed to by Mr. Potter. He says that defendant wanted 1 per

cent. off, or to take 30 days to pay it in, and he gave him the 30-days time. Nothing has ever been paid.

Defendant took the cheeses from the depot, sold some, and says that in less than 10 days parties to whom he shipped some of them refused to pay, and wrote letters rejecting them. He introduced testimony tending to show that he attempted to make sales; that the cheeses would crumble when cut; that they came back upon his hands, as they were not equal to the sample; and that it had injured his business to a great extent. He testified further that he wrote a letter to plaintiffs on October 21, which was the first notification he gave them of the quality or condition of the cheeses, and the first refusal to pay for them. He states in his letter that the 15 cheeses shown as samples were readily sold, and that no fault was found with them; but claim is made that some 40 were shipped to Mt. Clemens, and all but 5 or 6 returned; that others were afterwards returned by parties to whom he had shipped them. Plaintiffs were asked to take the balance away. Much testimony was given to which it is not necessary to refer.

The errors relied upon relate principally to the refusal of the court to give certain of defendant's requests to charge, and to the charge as given. Claim is also made that the court was in error in refusing to permit the defendant to show the loss of profits on resale caused by breach of warranty, and the effect such breach had upon his business and trade. The court charged the jury that if they found that the defendant remained silent for some 26 days after the cheeses were purchased, without complaining that those delivered were not such in quality as those purchased, and if they found that cheeses were perishable property, defendant could not, after that lapse of time, rescind his contract, and their verdict must be for the plaintiffs for the price the cheeses were sold for; and, further, the court

directed the jury that the failure to notify the plaintiffs must be considered as an acceptance of the property at the price agreed upon.

We need not state the several requests to charge, as, from the view we take of the case, the court, under the testimony of the defendant himself, should have directed the verdict in favor of the plaintiffs. Defendant admits that he said to Mr. Potter, plaintiffs' agent:

"You are a stranger to me, and I have seen only 10 boxes of these cheese, and I don't know what is in the car. *If in the course of 10 days we find this cheese as you represent it, we will pay for them.*"

The arrangement, in effect, was that he was to have 10 days to examine the cheeses, and, if found as represented, he was to pay for them, and, if not found as represented, he might return them. Potter does not dispute this arrangement. It is therefore evident, even if a warranty was made by Potter as to the quality of the cheese in the car, and not examined at the time by the defendant, that the defendant did not rely upon it, but preferred to make an examination for himself, and was to have the 10 days in which to do it. If he did not make such examination, it was his own fault. He says the cheeses were brought to his store. He had therefore every opportunity to make an examination. He was told by Mr. Potter that they were made in July and August, but claims that Potter told him that only 15 or 20 were made in July, and the rest in August. When they were brought to the store, he could readily see what quantity was made in each month from the marks upon the boxes. He claims that complaint was made of some that he sold even before the 10 days elapsed, and yet he gave the plaintiffs no notice of these facts for 26 days after the purchase, knowing, as it is shown, that the cheeses were perishable property. He continued selling right along after the 10 days elapsed and

up to the time he finally refused payment. It appears that there was no contract of warranty upon which he relied, but rather an agreement for 10 days' time to examine and determine whether or not he would keep them. He failed to return them within the 10 days, and, under the admitted facts, he must be considered as having accepted them, and cannot be heard to set up the defense of warranty and breach. *Farrington v. Smith,* 77 Mich. 550; *Childs v. O'Donnell,* 84 Id. 533; *Lee v. Bangs,* 43 Minn. 23 (44 N. W. Rep. 671); *Rosenfield v. Swenson,* 45 Id. 190 (47 N. W. Rep. 718).

In *Reed v. Randall,* 29 N. Y. 363, the court, in speaking of an article found to be unmerchantable, said:

"The latter [the vendee] is not bound to receive and pay for a thing that he has not agreed to purchase; but if the thing purchased is found on examination to be unsound, or not to answer the order given for it, he must immediately return it to the vendor, or give him notice to take it back, and thereby rescind the contract, or he will be presumed to have acquiesced in its quality."

In the present case the defendant admits that he had some of the cheese returned within 10 days after its purchase, yet he kept on selling for 16 days thereafter, without notice to the sellers. In this view of the case, whatever technical errors may have been committed on the trial are of no importance, as the right result has been reached.

Judgment is affirmed, with costs.

The other Justices concurred.