15570.   CAROLINA PORTLAND CEMENT COMPANY *v.*
ROPER-STRAUSS-FERST COMPANY.

STEPHENS, J.  1.  Where a purchaser has rejected a tender of delivery which under the terms of the contract he was not at the time bound to accept, and where he afterwards, by a valid agreement, waives his right to reject and agrees to accept the property, the latter agreement constitutes a novation of the original contract, in so far as it affects the particular property.  The seller may, upon a violation by the purchaser of the latter agreement in refusing to accept the property, store the property for the purchaser's benefit, and, after due notice to the purchaser, sell it and credit the proceeds of the sale on the contract price, and recover of the purchaser the difference.

2.  Where in such a case the seller sought to recover from the purchaser not only upon the alleged new contract, but also to recover the contract price of other property tendered by the seller and actually accepted by the purchaser under the original contract, and where the rejected property which was the subject-matter of the alleged new contract, and some of the other property ordered and accepted under the original contract, had been shipped in six freight-cars, and where the purchaser contended that the six freight-cars were shipped prematurely, in violation of the terms of the original contract, and where the purchaser did not afterwards use any of the rejected property, but did use the property ordered and accepted which was shipped in one of the six freight-cars, a charge by the court to the following effect was calculated to mislead the jury into the belief that an acceptance and use by the purchaser of that part of the property which it had actually ordered and accepted and which was shipped in one of the six freight-cars amounted to an acceptance of the other property, which the purchaser had rejected and the possession of which the seller had retained:  "If the plaintiff shipped to the defendant six carloads which were not ordered out, the defendant would not be under any obligation to accept, under the terms of this contract, the tile so shipped; and that would be a breach of the plaintiff's contract; but if the plaintiff did ship six cars of tile to the defendant, without it being ordered out under the terms of the contract, and the defendant (if you find it to be a fact) used any portion of this tile in the construction of the building referred to in the contract, or if the defendant agreed to accept the tile notwithstanding it may have been shipped without being ordered out, then the defendant would be liable to the plaintiff."

3.  If at the time of the execution of the original contract of sale the seller knew that the purchaser was under a contract to resell the property contracted to be purchased, damages resulting from a loss to the purchaser of the profits inhering in his contract of resale, caused by the seller's breach of the original contract, would be recoverable. Civil Code (1910), § 4395; *Ladd Lime & Stone Co.* v. *McDougald Construction Co.*, 29 *Ga. App.* 116 (2).

4.  Where the original contract of sale provides that the property shall be shipped and delivered only when the purchaser directs, a shipment by the seller and a tender of delivery to the purchaser, when made pre-

maturely and before the shipment has been directed by the purchaser, is not a shipment and tender by the seller in accordance with the terms of the contract. Although the shipment and tender of delivery be made prematurely and not in accordance with the provisions of the contract, yet the purchaser, having the right to demand delivery at any time during the continuance of the contract, may waive such premature tender of delivery and treat it as a performance of the contract by the seller in so far as respects the time of shipment and delivery. This the purchaser could do notwithstanding an actual rejection by him of the property and a refusal to accept delivery when the rejection might be justified on account of a nonconformity of the property, as to quality, with the provisions of the contract. This waiver may be asserted and relied upon at any time as against the seller, who is forever estopped from taking advantage of his own violation of the contract in making a premature shipment and delivery of the property. Where the nonconformity of the property as to quality with the terms of the contract constitutes a breach by the seller of the contract made in contemplation of the purchaser's contract of resale, and prevents the purchaser from performing under his contract of resale, the purchaser may for such breach by the seller recover any damages sustained by him representing the loss of profits inhering to him in his contract of resale.

5. It was error to strike the defendant's plea setting up a counterclaim, and also to charge the jury as indicated in paragraph 2 of the syllabus above. No other error of law appears.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1925.

Complaint; from Fulton superior court—Judge Bell. February 16, 1924.

*McDaniel & Neely,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.