## AMERICAN MFG. CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 284.

1. Sales ⏚418(3) — Damage for breach of sales contract difference between market value and contract price.

In buyer's action for breach of contract for sale of steel sash, measure of damage *held* to be difference between market value and contract price.

2. Sales ⏚176(3)—Buyer, accepting goods of which delivery was delayed without giving notice of breach, held to have waived breach.

In view of Personal Property Law N. Y. § 130, buyer of steel framing, of which delivery was greatly delayed, *held* to have waived breach, if any, for delay, by acceptance of framing without notice, within reasonable time of delivery, of intent to hold seller to breach.

3. Sales ⏚176(3)—Four months not reasonable time for notification by buyer of breach in delayed delivery.

Where buyer accepted shipment of steel framing under sales contract, lapse of four months before notification of intention to hold seller for alleged breach in failing to deliver sooner *held* unreasonable time.

4. Appeal and error ⏚714(1)—Extent of review limited by assignments of error, and is not affected by order allowing writ of error.

Extent of review on writ of error is determined by the assignments of error, and petition for writ, together with its allowance, have nothing to do with the scope of review.

In Error to the District Court of the United States for the Eastern District of New York.

Action by the American Manufacturing Company against the United States Shipping Board Emergency Fleet Corporation. Judgment allowing only partial recovery, and plaintiff brings error. Reversed.

Thomas F. Magner, of Brooklyn, N. Y., for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (George Biddle and Albert G. Kirby, Sp. Asst. U. S. Attys., both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge. This was an action at law upon a contract for the sale of about 800 tons of steel framing, anchor bolts, and reinforcing rods at $60 a ton, and for certain steel sash at a gross sum of $3,200. The contract was made by correspondence and specified no date for delivery, but the plaintiff, who was the buyer, had made known its immediate use for the articles sold. The contract was concluded on December 1, 1919, and the plaintiff paid the full purchase price at once. The defendant was remiss in making delivery; the location of the steel being in fact unknown, although the contract called for delivery f. o. b. at the "present location" of the goods, which was specified. It turned out that they were not at the places supposed, and a long delay ensued. During this time the plaintiff sent out an assistant to find the steel, which eventually was in part discovered in California. Although the plaintiff had sent shipping instructions on December 8, 1919, the material was not finally delivered until October 20, 1920, at which time it was accepted. At no time, either at or before acceptance, or until the action was brought on February 19, 1921, did the plaintiff make any claim for delay in delivery. The defendant never delivered the steel sash at all.

The action was for special damages for the delay in delivery, and the expense of sending to California, and also for the market price of the sash. At the trial the District Judge allowed the plaintiff to recover, not for the market price of the sash, which it proved, but only for the price paid, $3,200. He also refused to allow any damages for the delay, except the sums expended in tracing the goods. The plaintiff took out this writ, because it had not been allowed these amounts.

[1] The District Judge erred in the measure of damages upon the steel sash. The case is the usual one in which the buyer's damages are the difference between market value and the contract price. We are not altogether clear on what theory a different rule was adopted. The case of Western Union Telegraph Co. v. Hall, 124 U. S. 444, 8 S. Ct. 577, 31 L. Ed. 479, on which the defense now relies, is not in point. It concerned damages recoverable for a failure to send a telegram ordering the purchase of stock. The plaintiff tried to recover for the rise in value of the stock on the next day, and this was refused, on the theory that the plaintiff could not show that he would have sold at the higher price. The court recognized the usual rule, which is so well settled both by decision and statute that it seems to us unnecessary to do more than refer to it. As the plaintiff proved the market

value of the sash, it should have been allowed so much.

[2,3] The larger part of the damages claimed was for the delay in delivery. We shall assume that delivery was due within a reasonable time, no time being mentioned, and that the delivery was too late. Even so, it is now settled by statute (section 130, Personal Property Law N. Y. [Consol. Laws, c. 41]) that acceptance of the goods bars any recovery "for breach of any promise * * * in the contract to sell or the sale," unless the buyer shall "give notice to the seller of the breach * * * within a reasonable time after the buyer knows * * * of such breach." Delay in delivery, of course, is a breach, and the plaintiff was obliged to give notice within a reasonable time after October 20, 1920. It did nothing till February 19, 1921, and four months is more than a reasonable time, as the District Court correctly held.

The plaintiff replies that the buyer is not required to give notice of what the seller already knows, but this confuses two quite different things. The notice "of the breach" required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach. The purpose of the notice is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning.

The Court of Appeals of New York, in Henderson, etc., Co. v. P. K. Wilson & Son, 235 N. Y. 489, 139 N. E. 583, has so ruled under this section of the act, and there seems to us no room for doubt. We do not find it necessary to decide whether that decision is conclusive upon us, though it construed a New York statute. The rule of compulsory conformity in such cases perhaps does not apply to a statute codifying a part of the commercial law, as to which we in general follow our own notions. Nor do we decide whether the plaintiff might recover damages for delay in any event. Its contention is that, as it had advised the defendant that it had immediate use for the steel frames, its losses due to delays in the erection of its factory were within the contemplation of the parties. Finally, we say nothing as to the allowance for the expenses of sending a representative to California to hunt up the goods. On what theory this was granted we are not advised, but, as the defendant does not challenge it, its propriety is not before us.

[4] The "order" directing the writ of error to issue has nothing to do with the scope of our review. It is the writ which brings the whole record into this court. The extent of our review is determined by the assignments of error, and the petition for the writ, together with its allowance (no order is proper), are merely means to secure the initial process, which is the writ itself.

Judgment reversed.