17705. ROPER-STRAUSS-FERST COMPANY *v.* CAROLINA PORTLAND CEMENT COMPANY.

STEPHENS, J. 1. In a suit by a seller against the purchaser to recover the purchase price for property delivered to and accepted by the purchaser under the terms of the contract, and also to recover the difference between the contract price and the price brought on the resale of other property, tendered by the seller and rejected by the purchaser, where it appears from the evidence that the property tendered and rejected was shipped prematurely and before the defendant was bound to receive it under the terms of the contract, and where the evidence authorizes the inference that the defendant waived the prematurity of the shipment and rejected it solely upon the ground of its nonconformity as to quality with the provisions of the contract, and where the evidence authorizes the inference that the property shipped did not in quality conform to the provisions of the contract, and where there is

Sales, 35 Cyc. p. 628, n. 72; p. 629, n. 78; p. 631, n. 12; p. 649, n. 94; p. 650, n. 95.

Trial, 38 Cyc. p. 1724, n. 93.

evidence to the effect that, with the knowledge of the plaintiff, the defendant bought it for the, purpose of resale, there was presented an issue as to whether the defendant was entitled to recover against the plaintiff under a counterclaim for profits inhering in the defendant's contract of resale. *Carolina Portland Cement Co.* v. *Roper-Strauss-Ferst Co.,* 33 *Ga. App.* 511 (4) (126 S. E. 860). The court did not err as against the plaintiff in submitting this issue to the jury, or in admitting in evidence the defendant's contract of resale, or in admitting evidence tending to prove the defendant's profits inhering in the contract of resale.

2. An assignment of error upon the admission of certain evidence over the objection that the witness was not qualified to testify as to the market price of the commodity referred to, or as an expert upon the subject, has no basis in fact where it does not appear from the testimony objected to that the witness delivered any testimony at all as to the price of the commodity.

3. A charge by the court that the jury should give the same consideration to testimony given by depositions or interrogatories as they give to testimony delivered from the witness stand, except that in the case of testimony given by depositions or interrogatories the jury have not the opportunity to see the witnesses and judge their manner and deportment, is not subject to the objection that it instructed the jury that less credence is to be given to the testimony of witnesses who testified by depositions or interrogatories than is given to witnesses who appeared on the witness stand.

4. The court clearly, and fairly to the plaintiff, submitted the issues to the jury, and no error appears.

5. In addition to the defendant's counterclaim for profits inhering in the contract of resale, the defendant set off against the purchase price of the articles delivered and accepted by him certain cash payments made by him to the plaintiff upon the purchase price of the property accepted, and certain expenditures made by the defendant for the plaintiff in an amount in excess of that admitted by the defendant to be due upon the purchase price of the property accepted. The evidence in support of the defendant's pleas authorizes the verdict in the amount found in favor of the defendant against the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED ·SEPTEMBER 20, 1927.

Complaint; from Fulton superior court—Judge Ellis. September 7, 1926.

*Paul S. Etheridge, Augustine Sams,* for plaintiff.
*McDaniel & Neely,* for defendant.