G. C. STEWART v. B. R. MENZEL & COMPANY.[1]

October 10, 1930.

No. 28,085.

[1]Reported in 232 N. W. 522.

*G. A. Will,* for appellant.
*Robert Cowling,* for respondent.

LORING, C.

This was a suit to recover the purchase price of a fur coat, bought from the defendant at its store in Minneapolis, March 5, 1928, under an alleged rescission of the purchase for breach of warranty on November 5, 1928.

Plaintiff alleges that he and his wife purchased a Hudson seal coat on the date mentioned and that defendant "guaranteed" it to be "a first-class garment." Defendant admits that it so represented the coat and still claims that it is such. Plaintiff's wife immediately wore the coat for three or four weeks and came to the conclusion it was not as represented. She spent some time at Rochester in this state and returned to her home in Hancock, Michigan, in May, 1928, going by way of Minneapolis. In June of that year she and her husband went to Minneapolis and spent several days there. They had the coat with them, intending apparently to take up the matter of rescission but neglected to do so. No notice of any claim of failure to comply with the warranty or of plaintiff's desire to rescind was given defendant until November 5, 1928, seven months after the purchase and six months after the alleged discovery of inferior quality. The coat was then stored, and suit was brought to recover the purchase price.

The complaint contains no allegation of fraud, nor does the evidence substantiate any such claim. The defendant upon the trial took the position that the rescission was too late. We are of the opinion that as a matter of law the rescission was not within the reasonable time required by the uniform sales act. G. S. 1923 (2 Mason, 1927) §§ 8423, 8443(3).

Section 8423 provides:

"But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within

a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

Much shorter periods of time have been held to be unreasonable. Rosenfield v. Swenson, 45 Minn. 190, 47 N. W. 718.

The record does not disclose a motion to direct a verdict at the close of the testimony. Therefore we are without power to direct the entry of judgment notwithstanding the verdict.

Reversed and new trial granted.

[1]Reported in 232 N. W. 512.