EDWARD THOMPSON COMPANY v. FRED N. PETERSON.[1]

January 26, 1934.

No. 29,673.

*E. C. Mogren,* for appellant.

*Orr, Stark, Kidder & Freeman,* for respondent.

[1]Reported in 252 N. W. 438.

*PER CURIAM.*

Appeal from an order of the municipal court of the city of St. Paul denying defendant's motion for a new trial.

November 11, 1927, defendant, a practicing attorney, entered into a contract with plaintiff company for the purchase of one set of *Ruling Case Law.* By the terms of the contract defendant was to pay $10 per month until the purchase price was paid. The last remittance received from defendant by plaintiff was in January, 1931. February 10, 1931, defendant wrote plaintiff tendering the return of the books and attempting to rescind the contract.

This action was commenced to enforce collection of the balance due under the contract, and defendant answered asserting that he had been induced to enter into the contract by the fraudulent representations of plaintiff's agent and had on that account rescinded the same. Plaintiff had a verdict, and this appeal followed.

The representation of the agent claimed to have been fraudulent and to have been relied upon by the defendant was that two prominent attorneys in the city had purchased sets of *Ruling Case Law.* There was other talk which defendant now in his reply brief concedes to have been mere puffing or trade talk. December, 1930, defendant found that the two attorneys who were represented to have purchased the books had not done so.

Defendant bases his appeal entirely upon the court's admission in evidence of a duplicate original of a deposition of plaintiff's agent, the original of which had been lost. The duplicate original had not been authenticated by the officer who took the deposition or proved to be a copy of the original. On its face it appeared to be a carbon copy of the deposition in question, but the only proof offered was that it had been received in the mail by plaintiff's attorney. He had not seen the envelope in which it came and did not know whether it came from the designated notary or the attorney who appeared for plaintiff at the taking of the deposition.

We are of the opinion that the misrepresentation of the agent was immaterial and that the value of the books to defendant was not in any way affected by the fact that the two lawyers in question had not purchased similar books. Moreover, defendant failed to

protect his right to rescind. 2 Mason Minn. St. 1927, § 8443(3); Stewart v. B. R. Menzel & Co. 181 Minn. 347, 232 N. W. 522; Holcomb & Hoke Mfg. Co. v. Osterberg, 181 Minn. 547, 233 N. W. 302, 72 A. L. R. 722. The attempt at rescission was not, under the circumstances of this case, within a reasonable time under that section, and the defendant had made a payment after his belated discovery that the statements were false.

Although the admission of the copy of the original deposition was error because no foundation was laid, it was harmless error. There should have been a directed verdict, and "where the verdict is clearly right a new trial should not be granted for failure to lay a proper foundation for the admission of documentary evidence." 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7180. Novotny v. Rynda, 137 Minn. 479, 163 N. W. 1070.

Affirmed.