**SILVERA v. BROADWAY DEPARTMENT STORE, Inc. (GEORGE S. BAILEY HAT CO., Third Party Defendant).**

No. 635–M.

District Court, S. D. California, Central Division.

Nov. 23, 1940.

626

Schell & Delamar, L. W. Frankley, and Joseph H. Wheeler, all of Los Angeles, Cal., for plaintiff.

Jennings & Belcher and Steven Fargo, all of Los Angeles, Cal., for third party plaintiff Broadway Department Store, Inc.

Mills, Hunter, Dunn & Liljestrom, of Los Angeles, Cal., for third party defendant George S. Bailey Hat Co.

NETERER, District Judge.

This is an action on contract to recover damages claimed by the plaintiff for breach of implied warranty on sale of a hat. Assuming implied warranty, the question arises, did the plaintiff give to the defendant sufficient timely notice after he knew, or should have known, of the breach of warranty, and within a reasonable time.

The applicable rule of law is Sec. 1769 of the Civil Code of California 1937, "acceptance does not bar action for damages. * * * But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." The Supreme Court of Massachusetts in Idzýkowski v. Jordan

Marsh Co., 279 Mass. 163, 181 N.E. 172, 173, considering a similar statute, said: "notice * * * to be given * * * must fairly advise the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver. The notice 'need not necessarily take the form of an express claim for damages or threat of such (but) it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights.' Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 370, 144 N.E. 224, 225 * * *."

The notice given in the above cause was more explicit, direct and comprehensive than the notice in the instant case, and was held insufficient. It is the obvious purpose of the statute to fix liability on the seller, the buyer must give to the seller timely information of the buyer's intention to seek from the seller damages for breach of warranty. Hazelton v. First Nat. Stores, 88 N.H. 409, 190 A. 280; Stewart v. B. R. Menzel & Co., 181 Minn. 347, 232 N.W. 522; American Mfg. Co. v. United States S. B. Emergency F. Corp., 2 Cir., 7 F.2d 565; Columbia Axle Co. v. American M. Auto. Ins. Co., 6 Cir., 63 F. 2d 206; Guthrie v. J. J. Newberry Co., 297 Mass. 245, 8 N.E.2d 774; Tegen v. Chapin, 176 Wis. 410, 187 N.W. 185.

The more serious claim is the timeliness of the notice, if notice was given. The sale was made during the second week in February, 1939, discoloration appeared the first week in March following, the third week of March pimples and blisters appeared on plaintiff's forehead, in May following plaintiff asked a salesman "what would they do if a hatband went bad, if they would replace it;" and "I showed the mark on my forehead I told him that it came from their hat;" and "On October 1 or 2, the plaintiff exhibited the discoloration on his forehead to the Adjustment Bureau" of the store, and "stated that the hat made the discoloration and asked to have a doctor who would take it off." Seven and one-half months after the purchase, approximately 7 months after the appearance of discoloration, is not timely notice, if the notice is deemed sufficient. The conversation preceding the October conversation occurred in May, this conversation obviously was not notice contemplated by Sec. 1769, supra, and the October conversation was clearly not timely if what

was said and done is deemed sufficient notice. Idzykowski v. Jordan Marsh Co., supra. The cases following show the time of notice was given and held not timely: Tegen v. Chapin, supra (subject abortive cow, 57 days); Goodlatte v. Acme Corp., 229 Ill.App. 610 (sale of oil skins 3 months); Aaron Bodek & Son v. Avrach, 297 Pa. 225, 146 A. 546 (sale of army blankets, 3½ months); American Mfg. Co. v. United States S. B. E. F. Corp., 2 Cir., 7 F.2d 565 (delayed delivery of steel frames, 4 months); Columbia Axle Co. v. American Auto Ins. Co., 6 Cir., 63 F.2d 206 (defective axel and steering knuckle, 6 months); Brunella v. Bracchi, 131 Misc. 301, 226 N.Y.S. 738 (sale of canned pepper. to grocer 5½ months); Harburger v. Stern Bros., Sup., 189 N.Y.S. 74 (sale of suit of clothes having holes in it, due to faulty weaving, 7 months); Lincoln v. Croll, 248 Mass. 232, 142 N.E. 820 (sale of harding, 8 months); Hazelton v. First Nat. Stores, 88 N.H. 409, 190 A. 280 (6 months); Stewart v. B. R. Menzel & Co., 181 Minn. 347, 232 N.W. 522 (6 months).

The court has power under Pretrial Rule No. 16 to dismiss when the facts admitted and proof show no cause of action.

The motion of the defendant is sustained and the case dismissed.