## 28811. LEIGH *v.* CORNELIUS.

Decided June 10, 1941. Rehearing denied July 22, 1941.

*Clifford Wheeless, O. C. Hancock,* for plaintiff in error.
*Dillon & Rose,* contra.

MacIntyre, J. On January 28, 1939, Dr. Daniel B. Leigh (defendant) signed a written order blank ordering certain described letterheads and envelopes according to sample from Phillip M. Cornelius (plaintiff) to be delivered on April 15, 1939. The order provided: "We agree that this contract work is not subject to cancellation and that all agreements of every kind relative to this order are stated herein." About February 20, 1939, the letterheads and envelopes were delivered to the defendant. He did not refuse to accept the shipment, and made no complaint to Cornelius as to the quality thereof until approximately nine months thereafter when he was sued therefor on November 15, 1939. He then complained that the letterheads and envelopes had his old address thereon, 214 Volunteer Building, and were absolutely worthless to him in his new address, and that at the time he signed the order he had asked that the date of delivery be delayed because his lease at 214 Volunteer Building expired April 1, 1939. He moved from 214 Vol-

unteer Building on August 1, 1939. This suit on account was twice tried in the civil court of Fulton County, and each time a judgment was rendered for the defendant and a new trial was granted. On the third trial the judge, sitting without the intervention of a jury, entered judgment for the defendant. A motion for new trial based solely on the general grounds was overruled and the case was appealed to the appellate division. The trial court was reversed by the appellate division, a final judgment was entered in favor of the plaintiff, and the defendant excepted.

Under the act creating said court, and the amendments thereto, the appellate division has "power to refuse or grant new trials and render final judgments in cases brought to said appellate division" as therein provided. Ga. L. 1925, pp. 370, 382, § 41; *Peoples Bank* v. *Mayo*, 61 *Ga. App.* 877, 881 (8 S. E. 2d, 405).

The account here arose out of a written order signed by the buyer and transmitted to the seller, in which the date of delivery was specifically fixed, and it was agreed that the contract work was not subject to cancellation, and that all agreements of every kind relative to the order were stated in it. It has been held that "While a premature tender of goods to the purchaser imposes on him no obligation to accept the goods, it seems clear, however, that such a tender does not constitute a breach of the contract by the seller which will entitle the purchaser to repudiate it, and the seller, where the purchaser refuses to receive the goods on the ground of premature tender, may again tender them upon the date fixed in the contract, and by this tender impose upon the buyer the obligation as it existed prior to the premature tender." Note in 47 A. L. R. 194. However, "A purchaser, by accepting goods prematurely delivered, waives his right to object to paying for them upon that ground. The court said that the purchaser ought to decline to receive the goods, and inform the seller to that effect if he wishes to save the objection. Lee *v.* Bangs, 43 Minn. 23 (44 N. W. 671)." Note in 31 L. R. A. (N. S.) 942 (Arons *v.* Cummings, 107 Me. 19, (78 Atl. 98).

The evidence here raises no question of countermand or cancellation before delivery, or an attempt so to do; but it is undisputed that the defendant, without objection, accepted the merchandise on arrival, and thereby waived his right to object to premature delivery. This is a complete answer to the defense of premature ship-

ment, and the court did not err in holding as a matter of law that the buyer had waived his right to object to premature delivery. 55 C. J. 344; Herzfeld Lumber Co. v. Langley, 18 Ala. App. 485 (93 So. 378, 380) ; Maddox v. Wagner, 111 Ga. 146 (36 S. E. 609) ; Carolina Portland Cement Co. v. Roper-Strauss-Ferst Co., 33 Ga. App. 511 (126 S. E. 293).

On the further question of the quality of the merchandise, conceding but not deciding that the evidence unobjected to would have properly raised an issue that the letterheads and envelopes were worthless because of an improper address of the defendant, to wit, 214 Volunteer Building, Atlanta, Georgia (which address was according to the sample given at the time of the written order, but which the defendant claimed he had a right to change if he saw fit to conform to the address of a new office he expected to occupy), yet, on such a conceded issue, the undisputed evidence showed that the letterheads and envelopes had printed thereon the office address of the defendant at 214 Volunteer Building, and on receipt of the letterheads and envelopes about February 20, 1939, he was occupying this office, and continued to do so until he moved therefrom on August 1, 1939 (which was six months after the receipt of the letterheads and envelopes) ; nor did he make any complaint until November, 1939, at which time he was sued, which was nine months after the premature delivery to him. Under such evidence the defendant will be deemed to have acquiesced in the quality of the merchandise. Even if the seller had heard nothing from the buyer, and had delivered the goods on the date fixed in the written order, and the buyer had accepted them, and had never given to the seller any notice that the goods were not acceptable, and had never made any objection thereto, and remained silent over six months and until he was sued, by so doing he would have acquiesced in the quality of the letterheads and envelopes according to the sample he gave the seller at the time he gave the written order. Thus, under the facts here, an even stronger case is presented in favor of the plaintiff. The defendant, having waived his objection to premature delivery by accepting the goods at an earlier date than that specified in the order, put himself in a less favorable position, for, by so doing, the time at which he should have objected was by him still further delayed, and his acquiescence in the quality of the goods was for a longer period of time. Sole-Leather Over Mfg.

Co. *v.* Bangs, 43 Minn. 23 (44 N. W. 671); *Chatham Ice Cream Co.* v. *Sakakeeny,* 29 *Ga. App.* 768 (116 S. E. 558).

The appellate division of the court did not err in entering final judgment against the defendant reversing the judgment of the judge in favor of the defendant, for the evidence did not authorize a judgment based on a total failure of consideration.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*