**RUNNING SPRINGS ASSOCIATES,**
**Plaintiff-Appellant,**

v.

**MASONITE CORPORATION,**
**Defendant-Appellee.**

No. 81–3319.

United States Court of Appeals,
Sixth Circuit.

Argued May 17, 1982.

Decided June 17, 1982.

---

* Honorable Odell Horton, United States District Judge for the Western District of Tennessee,

Stanley M. Chesley, Cincinnati, Ohio, for plaintiff-appellant.

Clement J. DeMichelis, R. Gary Winters, Cincinnati, Ohio, for defendant-appellee.

Before EDWARDS, Chief Judge, CONTIE, Circuit Judge, and HORTON,* District Judge.

PER CURIAM.

This case was dismissed on motion for summary judgment by defendant in the United States District Court for the Southern District of Ohio after a number of adjournments designed to give plaintiff an opportunity to make a showing by affidavit that plaintiff-appellant, Running Springs Associates, or its representative or agent, had given the notice required by Ohio Revised Code § 1302.65(C). *See also* Uniform Commercial Code 2–607.

Ohio Revised Code Section 1302.65(C) states:

> Where a tender has been accepted: (1) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy;
>
> . . .

In *Standard Alliance Industries v. Black Clawson Co.,* 587 F.2d 813 (6th Cir. 1978), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979), this court quoted and relied upon the following language from Judge Learned Hand:

> The plaintiff replies that the buyer is not required to give notice of what the seller already knows, but this confuses two quite different things. The notice 'of the breach' required is not of the facts, which

sitting by designation.

the seller presumably knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach. The purpose of the notice is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning.

*American Manufacturing Co. v. United States Shipping Board E. F. Corp.*, 7 F.2d 565, 566 (2d Cir. 1925).

This court has recently dealt with similar notice problems in *K & M Joint Venture v. Smith International, Inc.*, 669 F.2d 1106 (6th Cir. 1982). There we said:

This court has had occasion recently to consider the adequacy of a notice of claimed breach of warranties. *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 587 F.2d 813 (6th Cir. 1978), *cert. denied*, 441 U.S. 923 [99 S.Ct. 2032, 60 L.Ed.2d 396] (1979). Applying Ohio law in a diversity case, we reached the same conclusions concerning the notice requirement of UCC § 2–607 as the court did in *Eastern Air Lines [Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957 (5th Cir.)], *supra*. Both California and Ohio adopted this section of the uniform code without change. In *Black Clawson* this court stated that the seller knew the buyer was experiencing difficulties with the goods and that a jury might have concluded the seller knew it was in breach of warranty to repair or replace. The critical issue, however, was whether the seller "had notice it was considered to be in breach." 587 F.2d at 825. Rather than relying on the "troublesome" portion in Comment 4, this court emphasized the later statement in the same Comment, "The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction *is claimed to involve a breach*, and thus opens the way for normal settlement through negotiation." (Emphasis added).

*Id.* at 1113.

We have reviewed the pleadings and the affidavits in this case and conclude that the District Judge had ample basis for the entry of summary judgment. The judgment of the District Court therefore is affirmed.