576 So.2d 1330 (1991)
HAPAG-LLOYD, A.G., Appellant,
v.
MARINE INDEMNITY INSURANCE CO. OF AMERICA, et al., Appellees.
No. 90-2155.
District Court of Appeal of Florida, Third District.
March 19, 1991.
Rehearing Denied April 23, 1991.
Bailey Hunt Jones & Busto and William A. Fragetta, Miami, for appellant.
Rex B. Guthrie, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
After a jury trial, the appellee-purchaser won a judgment for breach of an express warranty of soundness in the sale of a piece of stevedoring equipment by the appellant. We reverse with directions to enter judgment for the appellant.
The undisputed testimony[1] established that a responsible official of the buyer was aware of the defective wiring in the engine of the "toploader" in question, which constituted the alleged breach of warranty sued upon, but nevertheless determined, without notifying the seller, to continue to use the equipment in its defective state until the defect could be repaired. In fact, the appellee did operate the toploader for at least four weeks, without repair or notice, until the wiring caused an explosion in the engine which severely damaged the equipment. The purchaser gave notice of the claim that the express warranty had been breached only after the accident and damages had occurred.
In these circumstances, we find as a matter of law that the buyer did not give the notice to the seller of the alleged breach "within a reasonable time after [it] discover[ed] or should have discovered any breach," as is required to permit a recovery for breach of warranty under section 672.607(3)(a), Florida Statutes (1979).[2]General Matters, Inc. v. Paramount Canning Co., 382 So.2d 1262 (Fla. 2d DCA 1980). It is obvious that the failure to afford the seller reasonable notice of an already-discovered defect until after the loss caused by the breach of warranty had already *1331 occurred  when, as clearly appears, the seller could have remedied the defect and prevented the loss  requires a conclusion that, as the statute provides, the buyer is "barred from any remedy." See Royal Typewriter Co. v. Xerographic Supplies Corp., 719 F.2d 1092 (11th Cir.1983); Running Springs Assocs. v. Masonite Corp., 680 F.2d 469 (6th Cir.1982); K & M Joint Venture v. Smith Int'l, Inc., 669 F.2d 1106 (6th Cir.1982); Eastern Air Lines, Inc. v. McDonnell Douglas Corp., 532 F.2d 957 (5th Cir.1976).
Reversed.
NOTES
[1] See Seaboard Air Line R.R. v. Mynick, 91 Fla. 918, 109 So. 193 (1926) (negative statement of witness that condition not seen or heard insufficient to overcome positive testimony to the contrary).
[2] Effect of acceptance; notice of breach; burden of establishing breach after acceptance; notice of claim or litigation to person answerable over. 
* * * * * *
(3) Where a tender has been accepted:
(a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.