**Ara D. BLACKWELL, Plaintiff-Appellee,**

v.

**CITIES SERVICE OIL COMPANY, Defendant-Appellant.**

**No. 75–3577**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 3, 1976.

---

* Rule 18, 5th Cir.; *Isbell Enterprises, Inc. v. Citizens Cas. Company of New York et al.*, 5 Cir. 1970, 431 F.2d 966, Part I.

James E. Ross, John L. Yates, Houston, Tex., for defendant-appellant.

Joe H. Tonahill, Jasper, Tex., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

## PER CURIAM:

Negligence during a drilling operation resulted in back injures to Blackwell, who was employed by Trans-World Drilling Company, an independent contractor. Blackwell sued Cities Service Oil Company, the owner of the offshore oil rig. The jury awarded Blackwell $600,000 in damages. Cities Service appeals from the trial court's refusal to grant its motion for new trial based on inconsistencies between special interrogatories and a general verdict.

Under Texas substantive law, which governs this diversity suit, the verdict and the interrogatories are inconsistent. This injury was caused by a negligent act during the drilling operation—a snub line was disconnected when it should not have been. The factual issue of who ordered the snub line removed was hotly contested. In answering the special interrogatories, the jury accepted defendant's view that a driller employed by the independent contractor was responsible for the negligent act but, nevertheless, awarded damages against Cities Service:

SPECIAL INTERROGATORY NO. 1

Do you find from a preponderance of the evidence that the Defendant, Cities Service Company, was negligent in any of the respects contended by the Plaintiff, which negligence was a proximate cause of the injuries sustained by the Plaintiff Ara D. Blackwell:

Answer "Yes" or "No."

ANSWER: Yes

If you have answered Special Interrogatory No. 1 "Yes," then list the acts or omissions of negligence which you so find.

(1) Ronnie Laird Cities' Service Company was responsible for the hole, and knew the danger the hole was in when he retired to his office for reporting.

(2) Cities Service Company lacked proper supervision of orders in an emergency.

(3) The driller who took the responsibility to give the order of disconnecting the snub line, should have also given orders to replace it before the rotating was resumed. He was contracted with Cities Service Company.

The jury did not find that Cities Service's supervisor Ronnie Laird gave the order to disconnect the snub line; it did not find that Cities Service caused the plaintiff to work under unsafe conditions. In holding Cities Service negligent for failure to properly supervise the drilling operation of the independent contractor, the jury misapplied Texas law. As owner of the rig, Cities Service owed a duty to the employee of an independent contractor to warn him of dangerous conditions on the premises [1] but was under no duty to see that the contractor's business was performed safely. *Gray v. Martindale Lumber Co.*, 527 F.2d 1352, 1355 (5th Cir. 1976); *Moore v. Texas Co.*, 299 S.W.2d 401, 403 (Tex.Civ.App.1956). There is no dispute that Trans-World was an independent contractor and no suggestion that Cities Service should be *vicariously* liable for the acts of Trans-World. In view of the

1. This duty could be discharged by giving notice to Blackwell's supervisor. *Delhi-Taylor Oil Corp. v. Henry*, 416 S.W.2d 390 (Tex.1967).

jury's answers to Special Interrogatory No. 1, there is no basis in Texas law for finding the defendant negligent.

When a case is submitted to the jury in the form of a general verdict with special interrogatories, if the answers to the interrogatories are inconsistent with the verdict, the trial judge may either enter judgment in accordance with the answers and notwithstanding the general verdict, may return the jury for further consideration of its answers and verdict, or may order a new trial. Fed.R.Civ.P. 49(b). He may *not* enter judgment on a verdict inconsistent with the interrogatories.[2] The general verdict of negligence was inconsistent with the jury's answers to the special interrogatories. Cities Service's motion for a new trial should have been granted.

REVERSED and REMANDED for a new trial on liability and damages.

John A. Gray, pro se.

John W. Stokes, U. S. Atty., Richard A. Horder, Asst. U. S. Atty., Atlanta, Ga., for defendants-appellees.

---

2.  [Fed.R.Civ.P. 49(b)] sets in train all of the accident complications in which any possible inconsistency between the general verdict and an answer to a single question compels a new trial and automatically deprives the trial court of the flexible resources that are afforded to him under [Rule] 49(a) in which, for example, the court itself may make the missing findings, if any, or is presumed to have

made whatever findings are necessary to support the judgment that he enters.

*Wolfe v. Virusky,* 470 F.2d 831, 837 (5th Cir. 1972) (Chief Judge Brown, concurring).