825 F.2d 1351
 8 Fed.R.Serv.3d 775
 LOS ANGELES NUT HOUSE, Plaintiff,
v.
HOLIDAY HARDWARE CORP., a Hawaiian corporation, dba Handy
Man Stores, Holiday Exotic Sea Foods, Gene Hill
and William P. Wrixon, Defendants.
HOLIDAY HARDWARE CORP., Third-Party Plaintiff/Appellee/Cross-Appellant,
v.
THEO H. DAVIES & CO., LTD., dba Theo H. Davis & Co., Ltd.,
Lloyds Agency Department, Third Party
Defendants/Appellants/Cross-Appellees.
LOS ANGELES NUT HOUSE, Plaintiff,
v.
HOLIDAY HARDWARE CORP., Defendant.
HOLIDAY HARDWARE CORP. and William P. Wrixon,
Defendants/Third-Party Plaintiffs/Appellants,
v.
THEO H. DAVIES & CO., LTD., dba Theo H. Davis & Co., Ltd.,
Lloyds Agency Department, Defendants/Third-Party
Plaintiffs/Appellees.
 Nos. 85-6039, 85-6089, 86-6721, 86-6737.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 7, 1987.
Decided Aug. 21, 1987.
 
 R. Gaylord Smith and Barbara A. Maggio, San Diego, Cal., for third party defendants/appellants/cross-appellees.
 Boyde S. Lemon and Ramon M. Vipperman, Los Angeles, Cal., for defendant/third party plaintiff/appellee/cross-appellant.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON, SKOPIL, and REINHARDT, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 This is a diversity action for breach of contract and warranty in the sale of goods. In a jury trial, Holiday Hardware Corporation ("Holiday Hardware") was awarded a $37,500.00 judgment for indemnity against Theo H. Davies & Company, Ltd. ("Davies"). Davies appeals that judgment on the ground that the general verdict was inconsistent with the jury's answer to a written interrogatory. Holiday Hardware appeals the denial of attorney's fees against Davies. Notices of appeal were timely even though the parties' first appeals were dismissed by stipulation. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand on the grounds of inconsistent verdicts and affirm the denial of attorney's fees.
 
 BACKGROUND
 
 2
 In 1980, Mauna Loa purchased a large amount of macadamia nuts from J.S. Braun, a New York nut broker. The nuts came from Kenya and were shipped by vessel to Mauna Loa in Hawaii in January 1981. In the course of shipping, the nuts were damaged, causing Mauna Loa to make a claim against its insurance carrier. The claim was adjusted by Davies, the insurance carrier's agent in Hawaii. Mauna Loa agreed to save as much of the shipment as possible while Davies attempted to find a buyer for some or all of the nuts which could be salvaged. Davies, acting as a broker, sought to sell the nuts to Holiday Hardware. In this role, Davies sent Holiday Hardware a sample of the salvaged nuts. When Holiday Hardware, in turn, tried to resell the nuts to Los Angeles Nut House ("Nut House"), it sent the sample on to the Nut House for its inspection. After Holiday Hardware and Nut House negotiated a sale for some of the salvaged nuts, Holiday Hardware offered to purchase from Davies a portion of the salvaged nuts which had been shipped to Mauna Loa. Both transactions took place and 12,500 pounds of the nuts were delivered to Nut House through Holiday Hardware.
 
 
 3
 Later, in August, 1981, a second shipment of a portion of the salvaged nuts was negotiated between Holiday Hardware and Nut House. This contract called for 25,000 pounds of "Grade A" nuts. When the sale was agreed upon, Holiday Hardware arranged to buy this second shipment from Davies. In September, after Nut House received the second shipment of nuts, it claimed the nuts were rancid (unfit for human consumption) and sought a refund from Holiday Hardware for the rancid nuts it had received and paid for in the second shipment. While this was transpiring, a third shipment of nuts was made to Nut House although, in this instance, sale of the nuts did not go through Davies. When Holiday Hardware refused to compensate Nut House for the rancid nuts, Nut House sued Holiday Hardware, then joined Davies as a third-party defendant. At trial it was established that all the nuts shipped to Nut House were different portions of the damaged shipment to Mauna Loa in January 1981 which was being salvaged. When Nut House discovered the third shipment of nuts was also unfit for consumption, it brought suit against Holiday Hardware for breach of warranty and breach of contract for the second and third shipments of nuts. The warranty claim was based upon the sample provided to Nut House. Holiday Hardware counterclaimed against Nut House for failure to pay for the third shipment. Holiday Hardware implied Davies as a third-party defendant for indemnification based on express and implied warranties in the sale of the second shipment of nuts. Holiday Hardware also sought attorney's fees against Davies.
 
 
 4
 A jury awarded Nut House $131,842.11 against Holiday Hardware for breach of warranty and contract arising out of the second and third nut shipments. Holiday Hardware was awarded $37,462.50 on its counterclaim for Nut House's failure to pay for the third shipment, and $37,500.00 against Davies on the indemnity claim. Holiday Hardware's claim against Davies for attorney's fees was denied. After the jury verdict, Davies moved the district court for judgment notwithstanding the verdict and for a new trial on the basis of an inconsistent answer to a special interrogatory. The district court denied these motions. Davies appeals the denial of its motions for judgment notwithstanding the verdict and for a new trial. Holiday Hardware cross-appeals denial of its claim against Davies for attorney's fees.
 
 LAW APPLIED
 
 5
 California law governs the substantive issues of state law in this diversity action. See Ledesma v. Jack Stewart Product, Inc., 816 F.2d 482, 484 (9th Cir.1987). Because the contracts and transactions in issue in this case took place in California, we apply the law of that state. We review state law questions without deference to the district court's legal interpretations. Jackson Water Works, Inc. v. Pub. Utilities Comm'n of California, 793 F.2d 1090, 1092 (9th Cir.1986) (citing Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc), cert. denied, --- U.S. ----, 107 S.Ct. 1334, 94 L.Ed.2d 184 (1987)).
 
 INCONSISTENT SPECIAL INTERROGATORY
 
 6
 In the third-party indemnity claim of Holiday Hardware against Davies, the jury returned a $37,500.00 general verdict, finding Davies had sold rancid nuts. Along with the general verdict, the jury was asked to answer a special interrogatory. Special Interrogatory 3 queried: "Did Wrixon [Holiday Hardware's agent] unreasonably delay in notifying Davies of any nonconformity in the nuts?" The jury answered this interrogatory in the affirmative.
 
 
 7
 After the judgment was entered, Davies moved pursuant to Fed.R.Civ.P. 50(b) for judgment notwithstanding the verdict or for a new trial on the ground that the answer to Special Interrogatory 3 barred recovery on the indemnity claim. The bar to recovery was based upon Cal.Comm.Code Sec. 2607(3)(a) which requires that a buyer "must within a reasonable time after he discovered any breach notify the seller of the breach or be barred from any remedy...."[1] Davies proposed a jury instruction which was consistent with this notice requirement.
 
 
 8
 When there is an inconsistency between a general verdict and a written interrogatory, if reasonably possible we resolve the inconsistency in favor of sustaining the judgment. United Air Lines v. Weiner, 335 F.2d 379, 407 (9th Cir.1964). Cf. Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir.1987) (indicating that with respect to inconsistent special verdicts, the jury verdict must be upheld unless it is impossible to harmonize the answers under a fair reading). It is clear the special interrogatory is inconsistent with the general verdict. Under Cal.Comm.Code Sec. 2607(3)(a), untimely notice bars the remedy Holiday Hardware was granted against Davies in the general verdict.
 
 
 9
 Holiday Hardware presents three arguments to sustain the general verdict. The first is that it is consistent with the special interrogatory. This argument in essence is one of semantics and would require us to torture a fair reading of Special Interrogatory 3. We therefore reject this argument.
 
 
 10
 The second argument is that the notice of breach given was reasonable as a matter of law. The question of what constitutes a reasonable time for the giving of notice is usually one of fact for the jury, but may become a question of law. See Davidson v. Herring-Hall-Marvin Safe Co., 131 Cal.App.2d Supp. 874, 280 P.2d 549 (1954). On these facts we cannot say the question of timeliness should be resolved as a matter of law. Nut House purportedly notified Holiday Hardware of the rancid nuts on October 9, 1981. Davies received the notice of nonconformity on or about January 19, 1982. The exact date notice was received (if at all) was disputed at trial.[2] Although the period for the entire transaction was relatively short, the commodities being handled were perishable. In light of this, we would be loath to take the question of timeliness out of the hands of the jury and find it reasonable as a matter of law.
 
 
 11
 Finally, Holiday Hardware argues that when a jury's answers to written interrogatories are inconsistent with its general verdict, under Fed.R.Civ.P. 49(b) a party waives objection to the inconsistency by failing to object immediately and move for resubmission of the inconsistency before the jury is dismissed. As Wright and Miller have pointed out, such a waiver rule is inconsistent with the language and structure of Rule 49(b). 9 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2513 at 527-28 (1971).
 
 In pertinent part, the rule states:
 
 12
 When the answers [to special interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.
 
 
 13
 Fed.R.Civ.P. 49(b). The rule gives a district judge three options for resolving any inconsistency between the verdict and answers to special interrogatories. Because of the sensible preference for specific over general findings, one option involves entering judgment against the party in whose favor the general verdict runs; the other two options prevent the entry of judgment on the general verdict but do not preclude the possibility that that party might eventually prevail. We will not amend the rule and provide a fourth alternative, one that permits the party in whose favor the general verdict runs to prevail merely by remaining silent.
 
 
 14
 Several other circuits have addressed this question, most often in dictum or in a factual context considerably different from that in the case before us. Holiday Hardware relies primarily on Cundiff v. Washburn, 393 F.2d 505 (7th Cir.1968), which held that under Fed.R.Civ.P. 49(b), the failure to object to an inconsistency between general verdict and special finding before the jury was excused led to a waiver of the objection. In that case, however, the judge expressly noted the discrepancy in the jury's results and asked counsel whether either wanted the jury to reconsider its answers; counsel replied in the negative. Thus, in Cundiff an argument can be made that counsel affirmatively misled the judge in order to get the jury dismissed prior to objecting to the inconsistency; in that context, waiver of the right to object is more readily seen as the appropriate result.[3]
 
 
 15
 Evidently, only the First Circuit has held unequivocally that there is a waiver of the right to object to an inconsistency between general verdict and special findings under Rule 49(b), regardless of whether the judge asks for objections prior to excusing the jury. Fernandez v. Chardon, 681 F.2d 42, 58 (1st Cir.) ("Under Rule 49(b), objections to the inconsistency of verdicts must be made before the jury is discharged or by motion to resubmit to the jury.... In the case at bar, counsel waited until after the jury was excused before raising the inconsistency claim. Defendants have, therefore, waived their right to have the general verdict set aside on this ground."), cert. denied, 459 U.S. 987, 103 S.Ct. 339, 74 L.Ed.2d 382 (1982); see also Merchant v. Ruhle, 740 F.2d 86, 89 (1st Cir.1984) (dictum); Skillen v. Kimball, 643 F.2d 19, 19-20 (1st Cir.1981) (waiver found; however, appellant's counsel remarked at time jury verdict and findings announced that they were inconsistent but did not pursue any relief until later).
 
 
 16
 The Fifth Circuit has held, on the other hand, that under Rule 49(b), "if the answers to the interrogatories are inconsistent with the verdict, the trial judge ... may not enter judgment on a verdict inconsistent with the interrogatories." Blackwell v. Cities Serv. Oil Co., 532 F.2d 1006, 1008 (5th Cir.) (emphasis in original), reh'g denied, 540 F.2d 1084 (1976). That circuit evidently does not consider Blackwell to be inconsistent with its finding of waiver in Stancill v. McKenzie Tank Lines, Inc., 497 F.2d 529 (5th Cir.1974), supra note 3 (waiver found where judge not only asked for objections in front of the jury, but called counsel to confer at the bench concerning possible objections).
 
 
 17
 Finally, there is one case cited by some courts as supporting a Rule 49(b) waiver, Barnes v. Brown, 430 F.2d 578 (7th Cir.1970), which in fact lends more comfort to our view of how the rule should operate. In Barnes the parties failed to object to an inconsistency between the general verdict and special findings, whereupon the trial judge entered judgment in the manner provided for by the Rule 49(b), i.e., in conformity with the special findings. Barnes, the party in whose favor the general verdict was entered, thereafter moved for a new trial based on the inconsistency, which the trial judge denied and the Seventh Circuit affirmed. The failure of the parties to raise the inconsistency before the jury's excusal did not result in a waiver of the provisions of the Rule 49(b) but rather in its enforcement according to its terms. The only right either party had was to demand that the trial judge adopt one of the three options under the rule--which he did--and not to dictate which of the three he should select. Despite language to the contrary, Barnes is not truly a waiver case; the result follows from the application of Rule 49(b), not from its waiver. The problem with the waiver theory advanced by Holiday Hardware is that it would produce a result directly contrary to the rule and permit the wrong party--the one favored by the jury's general verdict--to obtain a judgment. That is not a sensible reading of Rule 49(b).
 
 
 18
 Having rejected Holiday Hardware's waiver argument, the application of Rule 49(b) here is straightforward. The answer to Special Interrogatory 3 is inconsistent with the general verdict. Rule 49(b) does not permit the district court to enter judgment on the general verdict in preference to the answer to the written interrogatory. Accordingly, we reverse the judgment against Davies and remand to give the district court the opportunity to exercise its discretion to enter judgment consistent with the answer to the special interrogatory, reconvene the jury (if that is possible at this late date) to resolve the inconsistency, or order a new trial.
 
 ATTORNEY'S FEES
 
 19
 Holiday Hardware argues the district court erred in not awarding it attorney's fees in its indemnity action against Davies or in its litigation with Nut House.
 
 
 20
 The California statute on recovery for attorney's fees in an implied indemnity action states in part:
 
 
 21
 "Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor.... (emphasis added).
 
 
 22
 Cal.Civ.Proc.Code Sec. 1021.6. We read this statute as providing for a fee recovery only if the action is based in tort. Holiday Hardware's action was grounded in contract and breach of warranty, not tort. Since we can find no California case law interpreting the statute to apply to actions such as those present in this case, we will not "create" new California state law by reading the statute to apply to a non-tort action. We make this decision recognizing that subsequent decisions by California state courts may read the statute more broadly than we have chosen to do. Cf. Bear Creek Planning Committee v. Title Ins. & Trust Co., 211 Cal.Rptr. 172, 164 Cal.App.3d 1227 (1985) (application of section 1021.6 discussed in a slander of title action).
 
 CONCLUSION
 
 23
 The judgment against Davies is reversed and remanded for further proceedings not inconsistent with this opinion. The denial of attorney's fees for Holiday Hardware is affirmed.
 
 
 24
 REVERSED IN PART, AFFIRMED IN PART, and REMANDED.
 
 
 
 [1]
 Specifically, Cal.Comm.Code Sec. 2607(3)(a) provides:
 "Where a tender has been accepted [t]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; and...."
 
 
 [2]
 We note that Holiday Hardware had argued to the jury that no notice was necessary until it was determined that the nuts were nonconforming
 
 
 [3]
 A number of the cases finding waiver involve facts similar to Cundiff's, with varying degrees of warning given by the judge prior to his excusing of the jury. Stancill v. McKenzie Tank Lines, Inc., 497 F.2d 529 (5th Cir.1974) (judge not only asked for objections in front of the jury, but called counsel to confer at the bench concerning possible objections); Ludwig v. Marion Laboratories, Inc., 465 F.2d 114, 118 (8th Cir.1972) (immediately after jury's findings there was discussion off the record between court and counsel); Skillen v. Kimball, 643 F.2d 19, 19-20 (1st Cir.1981) (appellant's counsel remarked at time jury verdict and findings announced that they were inconsistent but did not pursue any relief at that time); Tennessee Consolidated Coal Co. v. UMW, 416 F.2d 1192, 1200-01 (6th Cir.1969) (court inquired whether counsel had anything to raise before excusing jury), cert. denied, 397 U.S. 964, 90 S.Ct. 999, 25 L.Ed.2d 256 (1970); Kirkendoll v. Neustrom, 379 F.2d 694, 699 (10th Cir.1967) (court asked if there was any reason not to discharge jury and counsel answered in negative)
 Other cases, while discussing waiver, do not actually rely on it for their resolution. Employers Casualty Co. v. Dupaquier, 338 F.2d 336, 337 (1964) (per curiam) ("Upon failure of the party to move the Court to resubmit the case, it was not error for the Court to reconcile the [special interrogatory] answer with the verdict as it did."); Merchant v. Ruhle, 740 F.2d 86, 89 (1st Cir.1984) (while Rule 49(b) not applicable, in dictum court notes that objections to inconsistencies of verdicts must be made before discharge of jury); Arnott v. American Oil Co., 609 F.2d 873, 889 (8th Cir.1979), cert. denied, 446 U.S. 918, 100 S.Ct. 1852, 64 L.Ed.2d 272 (1980); see also Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1261 (11th Cir.1983) (in two-sentence discussion, court finds waiver of alleged inconsistencies, but also notes that jury's answers were not inconsistent).