**ARACHNID, INC., Plaintiff–Appellant,**

v.

**MEDALIST MARKETING CORPORATION, Medalist Manufacturing Corporation and Lee Peppard, Defendants–Appellees.**

91–1420.

United States Court of Appeals,
Federal Circuit.

Aug. 14, 1992.

Keith B. Willhelm, Leydig, Voit & Mayer, of Chicago, Ill., argued, for plaintiff-appellant. With him on the brief was James B. Muskal. Of counsel was Christopher T. Griffith.

Paul T. Meiklejohn, Seed & Berry, of Seattle, Wash., argued, for defendants-appellees. With him on the brief was Robert Iannucci.

Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.

ARCHER, Circuit Judge.

Arachnid, Inc., appeals the judgment entered on a jury verdict by the United States District Court for the Western District of Washington holding, *inter alia*, that U.S. Patent No. 4,793,618 (the '618 patent) is invalid or unenforceable and not infringed, and that the defendants (collectively Medalist) are not liable under the Washington Consumer Protection Act (WCPA). We affirm.

After the jury trial, Arachnid moved for judgment notwithstanding the verdict, and for a new trial, on the invalidity/unenforceability and non-infringement issues. In its February 15, 1991 and July 2, 1991 orders, the district court denied Arachnid's motions for JNOV and a new trial, respectively. Because neither order discussed the issue of infringement, we must assume that the court concluded that the jury's finding of non-infringement was supported by substantial evidence and not against the clear weight of the evidence. On appeal, Arachnid argues that the district court erroneously denied these post-trial motions. It also contends that the jury's verdict that Medalist is not liable under the WCPA is inconsistent with the factual findings it made as to liability for trade dress infringement.

## I.

A. As to the district court's denial of Arachnid's post-trial motions, we reverse a denial of a motion for JNOV only if the jury's factual findings, presumed or express, are not supported by substantial evidence or, if they are, that the legal conclusion(s) implied from the jury's verdict cannot in law be supported by those findings. *Perkin–Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893, 221 USPQ 669, 673 (Fed.Cir.1984). The denial of a motion for new trial can be reversed only if the district court abused its discretion. *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1512, 220 USPQ 929, 935 (Fed.Cir.1984).

B. The issue of infringement turns on the scope of claim 1, which states, in pertinent part:

An electronic dart game apparatus ... comprising ... a first electronic memory storage area containing algorithms for scoring one or more different dart games wherein the value of points earned in a particular turn of said one or more different dart games is dependent upon the scoring segments hit during previous player turns....

Arachnid contends that electronic dart game machines like the alleged infringing machines that score both point dependent and non-point dependent dart games infringe claim 1. Thus, in finding non-infringement, the jury must have construed the claim as limited to machines that score point dependent games only. The question before us is whether that construction was proper.

▮▮▮ Claim scope is determined not only by the claim language, but also by examining the specification and the prosecution history. *ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576, 1579, 6 USPQ2d 1557, 1560 (Fed.Cir.1988). Claim construction is an issue of law which we review *de novo*. *SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 859 F.2d 878, 882, 8 USPQ2d 1468, 1471 (Fed. Cir.1988); *ZMI Corp.*, 844 F.2d at 1578, 6 USPQ2d at 1559 (Fed.Cir.1988). However, claim interpretation may require the factfinder to resolve certain factual issues such as what occurred during the prosecution history. *See, e.g., SmithKline*, 859 F.2d at 882, 8 USPQ2d at 1471–72.

▮▮▮ In this case, there is substantial evidence from which a jury could find that the examiner rejected the claim as Arachnid construes it. During prosecution the examiner rejected claim 1 as first amended. The applicant and examiner then agreed that the subject matter of then claim 14 would be incorporated into claim 1.[1] Pursuant to this agreement the applicant filed a second amended claim 1 which clearly covered both point dependent and non-point dependent games.[2] The examiner rejected this language, suggested the language that appears in the issued claim, and allowed the claim. Since the allowed claim does not clearly allow for both point dependent and non-point dependent games, a jury could reasonably find that the examiner allowed a claim limited to a memory storage area containing point dependent games only. Such a finding is supported by the specification, which discloses point dependent dart games only and describes no embodiment of any machine containing both point dependent and non-point dependent games.

Based on the disclosure in the specification, and the prosecution history described above, we agree with the district court's ruling on the JNOV motion that there was substantial evidence supporting facts from which the jury could conclude that claim 1 covered electronic dart machines that play point dependent games only. Accordingly, we affirm the district court's denial of Arachnid's motion for JNOV for infringement. For similar reasons, we do not find that the district court abused its discretion in denying Arachnid's motion for new trial on the issue of infringement.

C. Arachnid also objects to the district court's denial of its post-trial motions on the invalidity/unenforceability issue. In a thorough and well-reasoned opinion, the district court concluded that there was substantial evidence to support at least four of

1. At the time of this rejection, claim 1 stated:

An electronic dart game apparatus ... comprising ... a first electronic memory storage area containing rules and instructions for one or more different dart games individually selectable for play by one or more of said players....

Claim 14 stated:

An electronic dart game apparatus as claimed in claim 1 wherein said different dart games include inter-player dependent games wherein the scoring of one player is dependent upon the scoring segments hit during previous turns.

2. Applicant amended claim 1 to state:

An electronic dart game apparatus ... comprising ... a first electronic memory storage area containing algorithms for scoring one or more different dart games where at least one of said different dart games provides for scoring that is dependent upon the scoring segments hit during previous player turns.

the asserted grounds for finding the patent invalid or unenforceable. We have closely examined the court's reasoning and the record, and we discern no error in the court's conclusions.

■ Arachnid argues that even if most of the possible grounds for the invalidity/unenforceability verdict are supported by substantial evidence, we must order a new trial on the invalidity/unenforceability issue if any one of the possible grounds is unsupported by substantial evidence. However, Arachnid delayed raising this "general-verdict-multiple-defenses" (GVMD) argument until five months after it filed its post-trial motions. Arachnid contends that under *Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F.2d 670, 671 (9th Cir.1985), it can raise the GVMD argument at such a late date, but we cannot read *Roy* as broadly as Arachnid desires. *Roy* holds that a trial judge may grant a new trial based on documents that elaborate on grounds stated in a new trial motion, even if those documents are submitted after the ten-day time limit for filing new trial motions. When Arachnid filed its motion for new trial via a footnote in its motion for JNOV, it made no mention of the GVMD argument, and gave no indication that additional arguments supporting its new trial motion would be forthcoming. Arachnid finally raised the GVMD argument after the district court had issued its opinion denying Arachnid's JNOV motions, and after Arachnid had actually filed an appeal of the judgment, indicating at that time it considered the case complete. We do not read *Roy* to hold that the district court, or this court, must consider as timely arguments initially raised by Arachnid five months after its original new trial motion, seemingly as an afterthought. In two earlier orders in this case, we reached the same conclusion on this issue, and we see

no reason to depart from that conclusion. Accordingly, we affirm the judgment.

## II.

Arachnid's final argument is that the portion of the judgment entered pursuant to the jury's general verdict that Medalist was not liable under the WCPA violates Fed.R.Civ.P. 49(b). Rule 49(b) states, in pertinent part:

> When the answers [to special interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.

Fed.R.Civ.P. 49(b).

The judgment violates Rule 49(b), Arachnid argues, because the jury's WCPA general verdict in favor of Medalist is inconsistent with special interrogatories that underlie the jury's general verdict in favor of Arachnid on its claim for trade dress infringement.[3] In support of this argument, Arachnid cites *Nordstrom, Inc. v. Tampourlos*, 107 Wash.2d 735, 739, 733 P.2d 208, 210 (1987), which discusses the extent of overlap between trade name infringement and the WCPA. It contends that in light of *Nordstrom*, the "special [interrogatories] necessarily establish each element of a WCPA claim." [App. Brief at page 40.] Arachnid raises this alleged inconsistency for the first time on appeal.

Medalist argues on two grounds that Arachnid waived its right to object on appeal to the portion of the judgment relating to its WCPA claim. First, Medalist argues that Arachnid waived its right because it failed to raise the alleged inconsistency before the jury was discharged. In the alternative, Medalist argues that Arachnid

---

**3.** Arachnid refers to the special interrogatories as special "verdicts." The distinction between special verdicts and special interrogatories is unclear. *See Floyd v. Laws*, 929 F.2d 1390, 1394–96 (9th Cir.1991). Rule 49(a) applies to special verdicts, while Rule 49(b) applies to general verdicts, which may be accompanied by special interrogatories. Because Arachnid relies on Rule 49(b), and because it is objecting to inconsistencies between three factual conclusions and a legal conclusion made by the jury, we assume that it is referring to special interrogatories.

waived its right because it failed to raise the alleged inconsistency in either of its post-trial motions.

Because "the issue of inconsistent jury findings is a procedural matter not unique to patent law ... we apply the discernable law of the forum." *Beckman Instruments, Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1550, 13 USPQ2d 1301, 1303 (Fed.Cir.1989). As to Medalist's first waiver argument, Ninth Circuit law appears to be settled by *Los Angeles Nut House v. Holiday Hardware Corp.,* 825 F.2d 1351 (9th Cir.1987). There the court considered cases from other circuits where a waiver had been found when a party failed to object before dismissal of the jury. *Id.* at 1354–56. The *Los Angeles Nut House* court rejected such a waiver theory and instead adopted the approach of allowing a party to challenge the consistency of the jury verdict for the first time in a post-trial motion. *Id.* at 1356.

Ninth Circuit law is less clear with respect to Medalist's second waiver argument. In attempting to refute Medalist's second argument, Arachnid quotes from *Pierce v. Southern Pacific Transp. Co.,* 823 F.2d 1366 (9th Cir.1987), and contends that under *Pierce* a party may challenge the consistency of a general verdict on appeal even "in the absence of either a motion for directed verdict or a motion for JNOV." *Id.* at 1369. However, in *Pierce* the appellant was challenging the consistency of two special verdicts under Rule 49(a); here Arachnid challenges the consistency of three special interrogatories and a general verdict under Rule 49(b). Moreover, the *Pierce* court's statements in this regard were merely dicta, as the appellant in *Pierce* had filed a motion for JNOV. The issue in *Pierce* was whether a directed verdict motion was a prerequisite to a motion for JNOV when the movant challenged only the consistency of special verdicts; the court held that no directed verdict motion was required. *Id.*

When no post-trial motions have been made, appellate review of judgments entered pursuant to a jury trial is limited. *See Johnson v. New York, N.H. & H.R.*

*Co.,* 344 U.S. 48, 54, 73 S.Ct. 125, 128–129, 97 L.Ed. 77 (1952); *Globe Liquor Co. v. San Roman,* 332 U.S. 571, 574, 68 S.Ct. 246, 247, 92 L.Ed. 177 (1948); *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 218, 67 S.Ct. 752, 756, 91 L.Ed. 849 (1947). Furthermore, although there may be very limited exceptions, "[i]t is a well-established principle that in most instances an appellant may not present arguments in the Court of Appeals that it did not properly raise in the court below." *Rothman v. Hospital Service of Southern California,* 510 F.2d 956, 960 (9th Cir.1975); *see also Dumas v. Gommerman,* 865 F.2d 1093, 1095, n. 3. (9th Cir.1989). While the *Los Angeles Nut House* and *Pierce* courts both granted litigants some procedural flexibility in challenging the consistency of jury verdicts, neither held that a challenge may be made for the first time on appeal. We consider it inappropriate to extend the right to review inconsistent verdicts beyond the extant Ninth Circuit law. We are especially hesitant to do so in a case where the alleged inconsistency is between the special interrogatories underlying one cause of action and the general verdict on a second cause of action. Since Arachnid failed to present its Rule 49(b) argument at any time to the district court, we consider it waived, and we affirm the judgment in favor of Medalist on Arachnid's WCPA claim.

AFFIRMED.