5 F.3d 428
 FEDERAL INSURANCE COMPANY, Plaintiff,
v.
PUEBLO INTERNATIONAL INSURANCE, Defendant,
American Savings Bank, Defendant-Cross-Claimant-Appellee,
Citibank (New York State), Defendant-Cross-Claimant-Appellant.
 No. 91-55637.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 9, 1993.
Decided Sept. 21, 1993.
 
 Catherine D. Meyer, Pillsbury, Madison & Sutro, Los Angeles, CA, for defendant-cross-claimant-appellant.
 Robert A. Silverman, Keck, Mahin & Cate, Los Angeles, CA, for plaintiff-appellee.
 Matthew A. Hodel, Jeannine DePhillips, Paul, Hastings, Janofsky & Walker, Costa Mesa, CA, for defendant-cross-defendant-appellee.
 Appeal from the United States District Court for the Central District of California, Stephen V. Wilson, District Judge, Presiding.
 Before FLETCHER, POOLE and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 This case involves a claim for attorney fees by an indemnitee against an indemnitor under California Code of Civil Procedure Sec. 1021.6.
 
 
 2
 American Savings Bank paid out cash on a check bearing a forged endorsement. The check was drawn by Pueblo International, Inc. (misidentified in the caption as Pueblo International Insurance) on a bank account it maintained at Citibank (New York State). When the check was presented to Citibank through the normal Federal Reserve Bank clearing house process, Citibank, without knowledge of the forged endorsement, charged the check to Pueblo's account.
 
 
 3
 Pueblo assigned its claims to its insurer, Federal Insurance Company. Federal sued Citibank and American for the amount of the check. Citibank cross-claimed against American for indemnification. Citibank prevailed on that cross-claim, but the district court denied its request for attorney fees. The court determined that Citibank had not satisfied the tort requirement of subsection (a) of California Code of Civil Procedure Sec. 1021.6. This subsection provides that attorney fees in an action for implied indemnification may only be recovered by an indemnitee against an indemnitor when the indemnitee is required to bring an action against or defend an action by a third person due to the tort of the indemnitor.
 
 
 4
 The parties do not dispute that California law applies in this diversity action. Diversity of citizenship was the basis for the district court's jurisdiction under 28 U.S.C. Sec. 1332.
 
 
 5
 We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse. We hold that because the jury found that American's negligence was the proximate cause of the loss suffered by Pueblo, the tort element of subsection (a) of section 1021.6 was satisfied, notwithstanding the fact that Pueblo's claim against Citibank was for breach of an implied contract and Citibank's cross-claim against American was for breach of warranty.
 
 FACTS
 
 6
 Pueblo operates retail supermarkets in the southeastern United States. It had a commercial bank account with Citibank. Topco Associates was Pueblo's principal supplier of groceries. Pueblo drew a check on its account at Citibank for $616,797.62 payable to the order of Topco, a regular payee of Pueblo checks. A Pueblo employee stole the check and an unauthorized person used it to open a bank account at American in the name of "Topco Associates." The check was eventually presented to Citibank for payment through the Federal Reserve Bank. Citibank charged the check to Pueblo's account. Meanwhile, Topco informed Pueblo it had not received the check. Pueblo notified Citibank, but by that time the check had cleared, and American, unaware of the forged endorsement, had disbursed $600,000 of the funds from the "Topco Associates" account at its bank.
 
 
 7
 When Pueblo discovered the check had been stolen and the endorsement forged, it filed a claim with Federal, its insurer on a fidelity bond covering employee theft. A settlement was reached between Pueblo and Federal, pursuant to which Pueblo assigned Federal all of its rights. Federal sued Citibank and American in district court. Citibank demanded that American provide it with a defense, but American refused. Citibank then filed a cross-claim against American for indemnification.
 
 
 8
 Judgment was entered in favor of Federal and against American on Federal's claims for breach of warranty and negligence. The jury, responding to questions on a special verdict form, found that American's negligence was the 100% proximate cause of the loss suffered by Federal's assignor, Pueblo. Judgment was entered against Citibank on Federal's breach of implied contract claim. The jury, however, found that Citibank had acted in good faith and in accordance with reasonable commercial standards. In Citibank's cross-claim against American, judgment was entered in favor of Citibank on its claim for implied indemnity based on breach of warranty. The result of the judgment was that both Citibank and American were liable to Federal for the $616,797.62 face amount of the check bearing the forged endorsement,[1] plus interest and court costs, but American had to indemnify Citibank for the amount of the judgment.
 
 
 9
 In a separate order, the district court denied Citibank's claim for attorney fees against American. The court held that even though Citibank had prevailed against American on its claim for implied indemnity, the only possible basis for a recovery of its attorney fees was under either California Code of Civil Procedure Sec. 1021.6 or California Commercial Code Sec. 4207(3), and neither of these statutes supported its attorney fee claim. This appeal followed.[2]
 
 DISCUSSION
 
 10
 The question we consider is whether Citibank, which prevailed against American for indemnification, can recover its attorney fees under California Code of Civil Procedure Sec. 1021.6. This section provides:Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict.
 
 
 11
 Cal.Code Civ.Proc. Sec. 1021.6 (West Supp.1993).
 
 
 12
 Each of the requirements of section 1021.6 is satisfied in this case. Citibank, the indemnitee, was required to defend an action by Federal, the assignee of the third person, because American, the indemnitor, cashed the check bearing the forged endorsement. The jury found that American was negligent in this regard and that its negligence was the proximate cause of the loss suffered by Federal's assignor, Pueblo. Negligence is a tort. Citibank notified American and demanded a defense in the action brought by Federal. American refused.
 
 
 13
 The jury found that, although Citibank breached its implied contractual obligation to Pueblo, it acted in good faith and in accordance with recognized commercial standards. The evidence supports this finding. Charging the check to Pueblo's account was an innocent and (in the world of commercial banking) automatic step in a process that was set in motion by American's negligence. As the jury found, American's negligence was the 100% cause of Pueblo's loss. American, not Citibank, was at fault.
 
 
 14
 American contends that Citibank has not met the tort requirement of subsection (a) of section 1021.6 because Citibank's liability was predicated on the breach of its implied contract with its depositor, Pueblo, and it became liable not because American was negligent in causing Pueblo's loss, but because American breached its warranty to Citibank. In these circumstances, American argues that our decision in Los Angeles Nut House v. Holiday Hardware Corp., 825 F.2d 1351, 1356 (9th Cir.1987), precludes Citibank from recovering its attorney fees. We disagree.
 
 
 15
 In Nut House, a buyer of macadamia nuts brought an action against its seller for breach of warranty and breach of contract when it discovered the nuts it had bought were rancid. The seller impleaded its nut broker for indemnification and sought attorney fees from the broker under California Code of Civil Procedure Sec. 1021.6. We held that the tort requirement of subsection (a) of section 1021.6 had not been met because the claim by the seller, who was the indemnitee, against the broker, who was the indemnitor, "was grounded in contract and breach of warranty, not tort." Nut House, 825 F.2d at 1356.
 
 
 16
 Here, as in Nut House, the claim asserted by the indemnitee, Citibank, against the indemnitor, American, was for breach of warranty. Unlike Nut House, however, this case involves a tort. The indemnitor, American, was negligent in cashing the check bearing the forged endorsement. The jury found this negligence was the proximate cause of the loss to the third person, Pueblo. It was this loss that caused Pueblo's assignee, Federal, to sue Citibank and Citibank to cross-claim for indemnification against American. In Nut House, the cause of the loss to the third person was a breach of warranty. Here, it was the indemnitor's tort. While it is true that American also breached warranties, both to Citibank and to Pueblo, these warranty breaches did not cancel out American's tort--the event that the jury found caused Pueblo to suffer its loss.
 
 
 17
 Citibank argues that even if we were to view this case in the microcosm of Citibank's breach of warranty claim against American, Citibank would still prevail on the basis of Bear Creek Planning Committee v. Title Insurance & Trust Co., 164 Cal.App.3d 1227, 1242-45, 211 Cal.Rptr. 172 (1985). This may be. In Bear Creek, the California appellate court, in its reading of California Code of Civil Procedure Sec. 1021.6, focused on the concept of fault. It did not analyze whether this fault had to arise from the indemnitor's tort, as the section seems to require, as opposed to a breach of contract. It simply imposed liability against the indemnitor because the indemnitor had breached its contract with the indemnitee, was at fault, and the indemnitee wasn't. Bear Creek, 164 Cal.App. at 1245, 211 Cal.Rptr. 172.[3]
 
 
 18
 We need not apply the Bear Creek analysis to impose liability for attorney fees in this case. Here, Citibank, because of American's tort, was required to defend the action brought by Federal. As we stated in Nut House, subsequent decisions by "California state courts may read the statute [Sec. 1021.6] more broadly than we have chosen to do." Nut House, 825 F.2d at 1356.
 
 CONCLUSION
 
 19
 We hold that all of the requirements of California Code of Civil Procedure Sec. 1021.6 were satisfied in this case. Citibank is entitled to recover its attorney fees from American. The judgment of the district court denying Citibank's request for attorney fees is reversed. We remand this case to the district court for its determination of the amount of attorney fees to be awarded Citibank consistent with this opinion.
 
 
 20
 REVERSED and REMANDED.
 
 
 
 [1]
 The jury also found that the endorsement on the check was not effective on a fictitious payee theory
 
 
 [2]
 Because we hold Citibank is entitled to recover its attorney fees under California Code of Civil Procedure Sec. 1021.6, we do not reach Citibank's alternative argument that it is entitled to recover its fees under California Commercial Code Sec. 4207(3) and we express no opinion on that question
 
 
 [3]
 In Bear Creek, home owners in a subdivision sued a planning committee for slander of title and obtained a judgment for money damages. The planning committee, in a separate action, sued Title Insurance & Trust Company for breach of warranty and indemnification under California Code of Civil Procedure Sec. 1021.6. The only tort claim was based on the tort of the indemnitee, not the indemnitor. The only claim asserted against the indemnitor was a contract claim