17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Max STONE, Plaintiff-Appellee,
v.
Richard DAVIS; James Zellers, Defendants-Appellants,
and
Hospital & Service Employees Union; Local 399, an
unincorporated association; Gloria Marigny, Defendants.
 No. 92-55901.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1994.*
Decided Feb. 10, 1994.
 
 Before: SNEED, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Davis and James Zellers appeal the judgment, entered after a jury trial, on Max Stone's claim for intentional infliction of emotional distress (IIED). The jury returned general verdicts for Davis and Zellers on Stone's claims for violation of the Age Discrimination in Employment Act (ADEA claim), 29 U.S.C. Secs. 621-634, and violations of the California statutes barring age and religious discrimination, Cal.Gov't Code Secs. 12940-12941. However, the jury returned general verdicts for Stone on his IIED claim against both Davis and Zellers. Davis and Zellers argue that the jury's IIED verdict ran afoul of the district court's instruction that the jury could not find them liable for emotional distress unless it found they discriminated against Stone, and that in any event an IIED claim is preempted by the exclusivity bar of California's Workers' Compensation Act, Cal.Lab.Code Sec. 3602(a).[1] Davis and Zellers also appeal the district court's order awarding costs to Stone. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Although there is no transcript, both sides agree that the district court gave the following instruction:
 
 
 4
 If you find that defendants did not discriminate against plaintiff because of his age or his religion, then you must find that defendants are not liable for any emotional distress which plaintiff may have suffered as the result of his discharge.
 
 
 5
 Davis and Zellers argue that, because the jury returned verdicts in their favor on Stone's claims for age- and religion-based discrimination, the jury could not, consistently with the instruction quoted above, return verdicts against them on Stone's IIED claim.[2]
 
 
 6
 We will, if reasonably possible, resolve inconsistencies between the general verdict and the jury's apparent resolution of issues in favor of sustaining the judgment. See Los Angeles Nut House v. Holiday Hardware Corp., 825 F.2d 1351, 1353 (9th Cir.1987) (inconsistencies between general verdicts and written interrogatories).
 
 
 7
 It is possible to harmonize the jury's verdicts and the instruction. The instruction did not state that, unless the jury ruled for Stone on the discrimination claims, it was precluded from returning a judgment for him on the IIED claim. To prevail on the discrimination claims, Stone had to show discriminatory motive. Under the instruction, therefore, the jury could find that Davis and Zellers discriminated against Stone because of his age or his religion, but that he failed to carry his burden of proving that discriminatory motives were responsible for his termination. See University of S. Cal. v. Superior Court, 222 Cal.App.3d 1028, 1035 (1990) (Cal.Gov't Code Sec. 12940, like Title VII, does not impose liability where adverse employment action taken for legitimate, nonpretextual, nondiscriminatory reason).[3]
 
 II
 
 8
 Davis and Zellers also argue that the jury's verdicts in their favor on the state discrimination claims necessarily mean that Stone's claim is barred by the exclusive remedy provision of the Workers' Compensation Act, Cal.Lab.Code Sec. 3602(a), because the jury found that neither Davis nor Zellers violated a fundamental public policy. We disagree.
 
 
 9
 As we have explained, the jury's failure to find statutory violations is not inconsistent with its also finding intentionally discriminatory conduct that caused Stone emotional distress. Davis and Zellers acknowledge that an employee's emotional distress injuries are not preempted if the employer's conduct contravenes a fundamental public policy or exceeds the risks inherent in the employment relationship. However, they equate "fundamental public policy" with liability for discrimination in violation of statute. They cite no authority for this proposition, and we see nothing in the decisions of the California Supreme Court to suggest that conduct must first be found to violate a statute in order to be contrary to the public policy embodied in that statute. Rather, as the supreme court has held, the compensation bargain cannot encompass conduct, such as sexual or racial discrimination, "obnoxious to the interests of the state and contrary to public policy and sound morality." Gantt v. Sentry Ins., 1 Cal. 4th 1083, 1100 (1992) (quotation marks omitted); see also Shoemaker v. Myers, 52 Cal.3d 1, 16 (1990).
 
 III
 
 10
 Davis and Zellers contend that Stone should not be awarded costs because he did not file a motion to tax costs until July 22, 1992, more than 15 days after the entry of judgments on December 6, 1991,[4] in violation of Local Rule 16.3 which gives the prevailing party 15 days after the entry of judgment to file and serve its bill of costs. Stone's January 6, 1992 motion for attorney's fees did not refer to costs except indirectly. The district court did not err, however, in denying the Davis and Zellers motions to retax costs. Their own motions to amend the judgment or for JNOV challenged the award of costs contained in the December 6, 1991 judgments. The district court did not resolve that question until it issued an amended judgment on July 17, 1992. Stone filed his motion for costs five days later, within the 15-day time period specified in Local Rule 16.3.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court denied motions to amend the judgment and for judgment notwithstanding the verdict. We review denial of the JNOV de novo, Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.), cert. denied, 113 S.Ct. 815 (1992), and denial of the Rule 59(e) motion for abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)
 
 
 [2]
 After the verdicts were returned, neither side objected or requested clarification before the jury was excused
 
 
 [3]
 De Feliciano v. de Jesus, 873 F.2d 447 (1st Cir.), cert. denied, 493 U.S. 850 (1989), upon which Davis and Zellers rely, is distinguishable. The court there held that a verdict against a municipality was inconsistent with a verdict in favor of the individual policy maker. Those verdicts could not be rationalized, whereas the Stone verdicts can be
 
 
 [4]
 These judgments awarded costs and attorney's fees on Stone's IIED claim