86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HAWAIIAN FISHING CO., Plaintiff-Appellant,
v.
M.D.R. INC., dba Marine Diesel Repair, a Hawaii corporation,
Defendant-Appellee,
v.
F/V SEAHAWK, O.N. 509 600, Third-party-defendant-Appellant
 No. 94-15993.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1996.
Decided May 24, 1996.
 
 Before: FLETCHER, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hawaiian Fishing Co. ("HFC") appeals the district court's judgment, at the conclusion of a bench trial, against HFC on each count in its complaint. HFC brought suit to recover costs associated with replacing a diesel engine which MDR sold to HFC and installed in the F/V SEAHAWK which was discovered to have a crack in a cylinder counterbore. The district court ruled that HFC was precluded from recovering for the defective engine because it failed to notify MDR of the defect as required by Haw.Rev.Stat. § 490:2-607. The court ruled that it would have reached a similar result based on its finding that HFC failed to exercise its common law duty to mitigate damages. We affirm.
 
 
 3
 As both parties are familiar with the additional factual and procedural histories of this case, we do not repeat them here.
 
 
 4
 We review findings of fact made by an admiralty court under the clearly erroneous standard of review. Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.1995). We review its conclusions of law de novo. Howard v. Crystal Cruises, Inc., 41 F.3d 527, 529 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1796 (1995).
 
 
 5
 Although this suit was brought under the admiralty and maritime jurisdiction of the federal courts, the district court rested its decision on the substantive law of Hawaii. Neither party contends that the district court erred in applying the law of Hawaii. Although we generally do not disturb the parties' assumption that state law controls where no relevant federal admiralty law exists, Underwriters at Lloyds v. Denali Seafoods, Inc., 927 F.2d 459, 461 (9th Cir.1991), federal admiralty law is not silent in this area. The Uniform Commercial Code ("U.C.C.") is indicative of the federal common law of admiralty in maritime commercial transactions such as the contract for the sale and installation of the engine in the SEAHAWK at issue in this case. Interpool Ltd. v. Char Yigh Marine (Panama) S.A., 890 F.2d 1453, 1459 (9th Cir.1989), modified, 918 F.2d 1476 (9th Cir.1990). Because Haw.Rev.Stat. § 490:2-607(3) is identical to U.C.C. § 2-607(3), the law of Hawaii does not conflict with the general maritime law, and we will not disturb its application to this case.
 
 
 6
 HFC's appeal turns on its contention that it provided MDR with adequate notice of the defect to preserve its warranty claim. Whether proper notice was given, however, is a question of fact. Los Angeles Nut House v. Holiday Hardware Corp., 825 F.2d 1351, 1354 (9th Cir.1987). The district court concluded that HFC did not provide adequate notice to MDR or afford MDR the opportunity to repair or replace the defective engine. Although HFC disagrees with the court's factual findings, it has offered no evidence, nor have we found any, that demonstrates the district court's conclusion on this issue is clearly erroneous. Because we affirm the district court's ruling under the U.C.C., we decline to address whether HFC's responsibility to mitigate its damages dictates the same result.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3